UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FATEMEH TABATABAEIFAR )<br>)<br>Petitioner, )<br>)<br>v. )<br>) Case No.:<br>)<br>KIKA SCOTT, Senior Official Performing )<br>the Duties of the Director of )<br>the United States Citizenship and )<br>Immigration Services (USCIS) ) Hon. Judge:<br>KRISTI NOEM, Secretary of )<br>Homeland Security )<br>TODD LYONS, Acting Director of )<br>U.S. Immigration and Customs Enforcement )<br>And Field Office Director for Detention and )<br>Removal Operations for the )<br>Phoenix Field Office )<br>of Immigration and Customs Enforcement )<br>Division Commander, )<br>Pinal County Sheriff ) Hon. Mag. Judge:<br>FRED FIGUEROA, )<br>Head of the Eloy Detention Center )<br><br>Respondents, | |

**PETITION FOR WRIT OF MANDAMUS AND**

**COMPLAINT FOR DECLARATORY JUDGMENT**

Petitioner Fatemeh Tabatabaeifar ("Petitioner"), by and through her attorney, John Nicolas Albukerk, *pro hoc vice*, hereby submits her Complaint and seeks an order in the form of a writ of mandamus and declaratory relief to compel:

1. Respondents to conduct a proper credible fear interview for the Petitioner under the asylum standard pursuant to 8 C.F.R. § 208.30(e)(2), which was never conducted.

1

2. Respondents to refer Petitioner's credible fear determination of Convention Against Torture to an immigration judge for review as required by 8 C.F.R. § 208.30(g)(2)(iv)(A) and related regulations. Petitioner alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq. Civil action brought pursuant to 28 U.S.C. § 1361 to compel Respondents to perform its duty under federal law by referring Petitioner's credible fear determination to an immigration judge for review, as required by 8 U.S.C. § 1225(b)(1)(B)(iii)(I) and 8 CFR § 1208.30(f), and to redress Petitioner's due process rights under the Fifth Amendment to the United States Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and may review defendants' actions or omissions under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq. (declaratory relief) and 8 U.S.C. § 1252, and 5 U.S.C. § 706, which provide the court authority to review decisions relating to credible fear determinations.

3. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Respondents are officers of the United States sued in their official capacities.

## PARTIES

4. Petitioner Fatemeh Tabatabaeifar is a 22 year old woman, a citizen of Iran whose life is threatened by the current regime in Iran.

5. Petitioner seeks asylum in the United States due to fear of persecution in Iran.

6. Respondent Kika Scott, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services, is a federal agency responsible for conducting asylum interviews and making credible fear determinations.

7. Respondent Kristi Noem, Secretary of Homeland Security, is a federal agency responsible for the administration and enforcement of U.S. immigration laws.

8. Respondent Todd Lyons as the Acting Director of U.S. Immigration and Customs Enforcement and Phoenix Field Office Director for Detention and Removal Operations for United States Immigration and Customs Enforcement ("ICE") and is sued in his official capacity. The Phoenix ICE office is responsible for all decisions relating to Petitioner's custody and is responsible for Petitioner's medical care.

9. Respondent, the Pinal County Sheriff is sued in his official capacity. United States Immigration and Customs Enforcement ("ICE") contracts with the Eloy Detention Center to detain federal immigrant detainees during their immigration proceedings.

10. Respondent, Fred Figueroa, as the Head of the Eloy Detention Center to detain federal immigrant detainees during their immigration proceedings.

## STANDING AND FACTUAL ALLEGATIONS

11. Petitioner has standing to bring this action under the Administrative Procedure Act (APA), 5 U.S.C. § 702, and the Writ of Mandamus as set forth in 28 U.S.C. § 1361. Petitioner is an individual who has left without the right to have a credible fear interview for an asylum claim, and seeks judicial review by an immigration judge of the determination. As a party whose rights are directly affected by the Respondents' failure to refer Petitioner to an immigration judge for

3

review of denial of her request based on Convention Against Torture, Petitioner has a sufficient personal stake in the outcome of this case.

12. In or about February of 2025 Petitioner entered the United States and was detained by the U.S. Immigration and Customs Enforcement (ICE).

13. She was taken to an ICE facility in Eloy, Arizona.

14. Upon her entry to the facility, she notified the ICE and USCIS officers about her request for Asylum, which she repeated many times in February and March of 2025.

15. In Mid-March, 2025, Petitioner was assessed for a claim under the Convention Against Torture by a USCIS asylum officer.

16. On or about March 21, 2025, the Asylum Officer decided that Petitioner "did not establish it is more likely than not that you will be tortured in IRAN". See **Exhibit 1.**

17. On April 4, 2025 Petitioner's Attorney was notified about this action. On the same day, Petitioner's attorney requested the case to be referred to an Immigration judge for review.

18. On or about April 8, 2025, the Asylum officer notified Petitioner about the decision mentioned in paragraph #16 above. Petitioner requested Asylum again and asked the Asylum officer to refer the denial of the CAT interview to an Immigration Judge.

19. On April 11, 2025, Petitioner's attorney wrote the following email to the Respondents:

*To whom it may concern*
*USCIS conducted a "Credible Fear Interview" with Ms. Fatemeh Tabatabaeifar. The Asylum officer decided that she did not establish that she would be tortured for going back to Iran. Officer did not even consider her request for Asylum. After inquiring many times with ICE agents, finally I received the notice of denial on April 4, 2025. I made a request by sending emails to Asylum Officer requesting a review by Immigration Judge pursuant to 8 CFR 208.30(g).*

*On April 8, 2025, Asylum Officer for the first time gives Ms. Fatemeh Tabatabaeifar a notice of CAT assessment notice, attached. Officer failed to notify Ms. Tabatabaeifar about her rights under 8 CFR 208.30(g), including providing her a form I 869 to make the request for a review of the decision by an Immigration Judge.*

4

*Please consider this email another formal notification that Ms. Tabatabaeifar wishes to have an immigration judge review the negative decision dated March 21, 2025."* See **Exhibit 2.**

20. On April 13, 2025, Respondents' notified Petitioner's attorney that:

*"Your client was processed under Expedited Removal – Section 212(f), and received a negative CAT determination. Per USCIS guidelines, negative CAT assessments are not entitled to an IJ review. You will need to contact USCIS if you have any additional questions regarding their screening process or decision."* See **Exhibit 3.**

21. As of today's date, Respondents did not refer Petitioner's case to an immigration judge for a timely review of the negative Convention Against Torture Assessment, and to get a right of a credible fear determination which impedes Petitioner's right to due process under the Fifth Amendment of the U.S. Constitution. Petitioner's liberty is at stake because the credible fear determination plays a pivotal role in the overall asylum and removal proceedings.

22. Petitioner has no adequate alternative remedy to resolve this dispute, and the harm caused by Respondent's actions is both real and imminent. Petitioner's ability to seek asylum and protection from removal depends upon the timely referral of the case for judicial review by an immigration judge, and thus Petitioner has the right to seek a mandamus order requiring such action.

23. Therefore, Petitioner has standing to challenge the unreasonable denial of a credible fear determination, as it directly affects Petitioner's liberty and right to seek asylum under U.S. immigration law.

24. Petitioner is in imminent danger of removal from the United States.

## STATUTORY FRAMEWORK

25. U.S. Immigration and Nationality Act (INA) and federal regulations such as the Code of Federal Regulations (CFR) and Administrative Procedure Act (APA) govern the process of

credible fear determinations, the referral of cases to immigration judges, and the availability of judicial review in the event of unreasonable agency action.

26. According to the Immigration and Nationality Act (INA) § 235(b)(1)(A), any individual subject to expedited removal who indicates an intention to apply for asylum or expresses a fear of persecution or torture must be referred to an asylum officer for a credible fear determination. If the asylum officer finds no credible fear, the individual can request a review by an immigration judge

27. Pursuant to 8 CFR § 208.30(d) "A USCIS asylum officer will conduct the credible fear interview in a nonadversarial manner, separate and apart from the general public. The purpose of the interview shall be elicit all relevant and useful information bearing on whether the alien can establish a credible fear of persecution or torture."

28. Pursuant to 8 C.F.R. § 208.30(e)(2) mandates that asylum officers consider all applicable grounds, including asylum, withholding of removal, and CAT. Respondent's failure to comply with these statutory and regulatory duties is a violation of due process and constitutes unlawful withholding of agency action subject to mandamus relief.

29. An alien who has been found to have a negative credible fear determination by a USCIS asylum officer has the right to seek a de novo review of that decision by an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(I). It mandates that the immigration judge must conduct a review of the determination to assess whether the alien has a credible fear of persecution or torture. See <u>id</u>.

30. Aliens who arrive at the U.S. border and express a fear of persecution or torture are entitled to an interview with a USCIS asylum officer to determine whether they have a credible fear of returning to their home country. 8 U.S.C. § 1225(b)(1)(B). If the officer makes a negative determination, the case must be referred to an immigration judge for a review upon request by the alien. See <u>id.</u>

31. Code of Federal Regulations (CFR) establishes the procedures for conducting credible fear interviews and the standards for determining whether an alien has a credible fear of persecution. 8 CFR § 1208.30. It sets forth the process for the referral of negative credible fear determinations to an immigration judge for review. See id. If an asylum officer determines that an alien has a negative credible fear determination, the alien is entitled to a timely review by an immigration judge under 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

32. 8 CFR § 1208.30(f) mandates that the immigration judge conducts a de novo review of the asylum officer's decision. The review should be timely and fair, ensuring that the alien's rights to due process are protected. See id.

33. Under the APA, individuals may seek review if they believe an agency has failed to perform a mandatory duty, such as the failure to refer a credible fear determination to an immigration judge. Specifically, 5 U.S.C. § 706(1) allows a court to compel agency action when an agency unlawfully withholds or delays action required by law.

34. The statute grants jurisdiction to federal courts to issue a writ of mandamus to compel an agency or official to perform a duty that is required by law. 28 U.S.C. § 1361. If ICE did not refer the Petitioner's credible fear determination to an immigration judge as required by law, Petitioner can seek a mandamus order to compel the agency to fulfill this legal obligation.

35. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law. The right to a fair process, including a timely and meaningful review of a negative credible fear determination, is a fundamental component of due process. The failure of Respondents to refer Petitioner's case to an immigration judge for review of the negative credible fear determination deprives Petitioner of this constitutional right.

**Mandamus Act**

36. In general, the Mandamus Act, 28 U.S.C. § 1361, can be used to compel administrative agencies to act. It provides in full:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

37. To establish a clear right to a writ of mandamus for requests for submission of her case to the immigration Court while Petitioner has exhausted all available administrative remedies, including inquiries and requests submitted to USCIS/ICE. Despite Petitioner's efforts, USCIS/ICE denied her request. Thus, a writ of mandamus is necessary, as it is the most viable option to secure timely and legal action from Respondents.

38. Despite Petitioner's timely request for review, USCIS/DHS has failed to conduct a credible fear determination as required by law. It is mandated by the Immigration and Nationality Act (INA) § 235(b)(1)(A)(ii) and its implementing regulations, also is outlined in 8 C.F.R. § 208.30(g)(2), 8 C.F.R. § 208.30(g)(2),(i).

39. Pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(I) and 8 CFR § 1208.30(f), Petitioner requested a review of this negative credible fear determination. See **Exhibits 2, 3 and 4.**

40. Despite Petitioner's timely request for review, USCIS/DHS has failed to conduct a credible fear interview and/or refer the case to an immigration judge for a de novo review as required by law.

41. The failure of USCIS to conduct credible fear interviews as required by law is considered a violation of federal regulations, pursuant to 208.30 (d)-(g)

42. If USCIS fails to act in accordance with 8 C.F.R. § 208.30, such failure can be challenged under the APA as "not in accordance with law" Pursuant to 5 U.S.C. § 706(2)(A).

43. The failure of USCIS to refer Petitioner's case to an immigration judge is in violation of federal law and the regulations governing credible fear determinations as required by law 8 C.F.R. § 208.31(g).

44. Petitioner is entitled to get a credible fear interview pursuant to 8 C.F.R. § 208.30(d).

45. Petitioner is entitled to a de novo review of the negative credible fear determination by an immigration judge, and the failure to refer the case constitutes a violation of Petitioner's due process rights under the Fifth Amendment of the U.S. Constitution.

46. Before the Government can remove an individual from the United States, there must be a removal hearing before an Immigration Judge ("IJ").  See generally 8 U.S.C. § 1229.

47. Petitioner has exhausted all available administrative remedies, including inquiries and requests for submission of her case to the immigration Court. Despite Petitioner's efforts, USCIS denied her request.

## CLAIMS FOR RELIEF
## COUNT I
### Writ of Mandamus

**(Failure of the Respondents to send the Petitioner's case to Immigration Court)**

48. Petitioner repeats and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

49. To establish grounds for a court to issue a writ of mandamus, Plaintiff must demonstrate: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) there is no other adequate remedy available to the plaintiff. *Am. Hospital Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

50. Pursuant to 8 U.S.C. § 208.30 (g) (1) If an alien is found not to have a credible fear of persecution or torture, the asylum officer shall provide the alien with a written notice of decision and issue the alien a record of the credible fear determination, including copies of the asylum officer's notes, the summary of the material facts, and other materials upon which the determination was based. The asylum officer shall inquire whether the alien wishes to have an immigration judge review the negative decision, which shall include an opportunity for the alien to be heard and questioned by the immigration judge as provided for under section 235(b)(1)(B)(iii)(III) of the Act, using Form I-869, Record of Negative Credible Fear Finding and Request for Review by Immigration Judge. The alien shall indicate whether the alien desires such review on Form I-869. A refusal or failure by the alien to make such indication shall be considered a request for review.

51. Respondents clearly violated the law and regulations by failing to send the Petitioner's case to an Immigration judge for review.

52. Petitioner seeks relief through a petition for writ of mandamus, requesting that this Court compel USCIS to refer Petitioner's case to an immigration judge for review as required by 8 U.S.C. § 208.30(g)(1)(i),  8 U.S.C. § 208.30(g)(2)(i), 8 U.S.C. § 1225(b)(1)(B)(iii)(I) and 8 CFR § 1208.30(f).

53. Respondents' failure to refer the case to an immigration judge has caused Petitioner harm. It continues to prevent Petitioner from receiving a lawful and fair review of her credible fear determination.

## COUNT II

### Writ of Mandamus

### (Failure of Respondents to assess the Petitioner for her Asylum claim)

54. Petitioner repeats and incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

55. Petitioner is currently detained by Respondents under the authority of the Department of Homeland Security (DHS) and is subject to removal proceedings. Petitioner expressed a credible fear of persecution and requested a credible fear determination pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which mandates that aliens who express fear of returning to their home country are entitled to such a determination by a USCIS asylum officer. See **Exhibits 2-4.**

56. Under the Immigration and Nationality Act (INA), the credible fear determination process is critical to an alien's right to seek asylum in the United States. The law requires that if an asylum officer makes a negative determination of credible fear, the alien must be referred to an immigration judge for a timely review of that determination pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

57. The Fifth Amendment to the United States Constitution prohibits the government from depriving any person of life, liberty, or property, without due process of law. By failing to promptly provide Petitioner with a credible fear determination hearing before an immigration judge, Respondents are violating Petitioner's constitutional rights to procedural due process.

58. Petitioner is entitled to have a credible fear determination interview and expedited removal without this interview is unlawful.

59. Petitioner is entitled to a judicial review of his negative credible fear determination by an immigration judge, and his continued detention without this review is unlawful.

60. The unlawful refusal to provide Petitioner with a credible fear determination hearing is causing irreparable harm to Petitioner, and he has no other adequate remedy at law.

## COUNT III

## VIOLATION OF ADMINISTRATIVE PROCEDURE ACT (APA)

61. The foregoing allegations are alleged and incorporated herein.

62. Respondents' failure to refer Petitioner's case to an immigration judge is arbitrary and capricious, and contrary to the law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A).

63. If USCIS fails to act in accordance with 8 C.F.R. § 208.30, such failure can be subject of the APA for being "not in accordance with law." 5 U.S.C. § 706(2)(A)

64. Respondents have no statutory or regulatory authority to deny Petitioner's right to be referred to an Immigration Judge.

65. Respondents have no statutory or regulatory authority to deny Petitioner's request to be assessed for an Asylum claim.

## COUNT IV

## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

66. The foregoing allegations are realleged and incorporated herein.

67. The Fifth Amendment requires fair, pre-deprivation process when a person's liberty and life hang in the balance.

68. Supreme Court of the United States has determined that punitive measures could not be imposed upon aliens ordered removed because "all persons within the territory of the United States are entitled to the protection" of the Constitution. 163 U. S., at 238 (citing *Yick Wo, supra,* at 369

(holding that equal protection guarantee applies to Chinese aliens)); <u>Zadvydas v. Davis</u>, 533 U.S. 678, 694, (2001).

69. The Court has indeed accorded more procedural protections to those aliens admitted to the country than those stopped at the border, observing that "a continuously present alien is entitled to a fair hearing when threatened with deportation." Ibid.; Mezei, supra, at 212 ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law .... But an alien on the threshold of initial entry stands on a different footing: 'Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned'" (quoting United States ex rel. Knauff v. Shaughnessy, 338 U. S. 537, 544 (1950))).

70. "It should be noted the procedural protection here is real, not illusory; and the criteria for obtaining release are far from insurmountable." <u>Zadvydas v. Davis</u>, 533 U.S. 678, 723 (2001).

71. In the light of unlawful failure of Respondents to refer the Petitioner to Immigration Judge, as well as Respondents failure to assess Petitioner's asylum claim her Due process rights have been violated.

72. Respondent's failure to act in accordance with the law violates Petitioner's right to due process under the Fifth Amendment to the U.S. Constitution.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner Fatemeh Tabatabaeifar respectfully requests this Honorable Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Respondent is legally obligated to provide Petitioner with a credible fear determination interview pursuant to 8 C.F.R. § 208.30(g)(1)(i), 8 C.F.R. § 1208.30(f), and 8 C.F.R. §

1225(b)(1)(B)(iii)(A), in order to vindicate Petitioner's due process rights under the Fifth Amendment to the United States Constitution.

(c) Respondent is legally obligated to perform its duty under federal law by referring Petitioner's negative credible fear determination to an Immigration Judge for review, as required by 8 C.F.R. § 208.30(g)(1)(i), 8 C.F.R. § 1208.30(f), and 8 C.F.R. § 1225(b)(1)(B)(iii)(I), in order to vindicate Petitioner's due process rights under the Fifth Amendment to the United States Constitution.

(d) Issue a writ of mandamus compelling Respondent to refer Petitioner's case to an immigration judge for a de novo review of the negative credible fear determination.

(e) Award Petitioner actual, compensatory, and punitive damages against Respondents for violating the United States Constitution;

(f) Award Petitioner attorney's fees and costs to the extent authorized by law;

(g) Issue an Order preventing Respondents from removing the Petitioner from the United States until an Immigration Judge reviewed the Petitioner's case; and

(h) Grant any and all other relief this Court deems proper and just.

Respectfully submitted,
**Albukerk & Associates**

_____*s/ John Nicolas Albukerk*_

John Nicolas Albukerk

1111 Westgate St,
Oak Park, IL 60301
Tel: (773)847-2600

**DATED: April 14, 2025**