**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Fatemeh Tabatabaeifar,

Petitioner,

v.

Kika Scott, et al.,

Respondents.

No. CV-25-01238-PHX-GMS (MTM)

**ORDER**

Pending before the Court is Petitioner Fatemeh Tabatabaeifar's Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65 (Doc. 16). In her Motion, Petitioner requests that this Court, without notice to Respondents, "immediately grant the emergency temporary restraining order preventing [Respondents] from removing [Petitioner] from the United States." (Doc. 16 at 2).

The Ninth Circuit recognizes "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (July 7, 2006). Pursuant to Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party only if: (1) "specific facts in an affidavit or a verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Doe v. Oesterblad*, No. CV-13-1300, 2015 WL 13567709, at *1 (D. Ariz. Apr. 14, 2015) (citing Fed. R. Civ. P. 65(b)(1)). "The stringent

restrictions imposed by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted." *Reno Air Racing Ass'n., Inc.*, 452 F.3d at 1131 (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974)).

Petitioner has not carried her burden under Rule 65(b)(1). Petitioner has not alleged specific facts from which the Court may conclude that irreparable harm will occur before Respondents have an opportunity to be heard. Petitioner provides an affidavit from her friend, Maryeh Jahandidehsabet. (Doc. 16-2 at 3). In that affidavit, Jahandidehsabet addresses the "grave and immediate danger" Petitioner may experience if she is "forced to return to Iran." (*Id.*). Yet, Jahandidehsabet provides no factual basis to show that Petitioner will in fact return to Iran. In Petitioner's Writ of Mandamus, Petitioner states that "Petitioner is in imminent danger of removal from the United States" and the "harm caused by Respondent's actions is both real and imminent," (Doc. 1 at 5), but Petitioner fails to provide any facts that demonstrate Petitioner's removal will occur before Respondents have an opportunity to respond.

Nor has Petitioner provided sufficient reasons why notice should not be required in this case. Petitioner provides a certificate from one of her attorneys, John Nicholas Albukerk. (Doc. 16-1 at 1-2). In the certificate, Albukerk states that Petitioner "may be removed from the United States at any time" and the issuance of a temporary restraining order "is necessary to keep the status quo until a hearing." (*Id.* at 2). Besides the bare assertion that Petitioner may be removed at any time, Albukerk articulates no factual basis or reasoning that justifies the issuance of a temporary restraining order without allowing Respondents an opportunity to respond. Petitioner thus fails to show that her case falls within the "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Ass'n., Inc.*, 452 F.3d at 1131.

Accordingly, the Court denies Petitioner's Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Pursuant to Federal Rule of Civil Procedure

65 (Doc. 16).

**IT IS THEREFORE ORDERED** that Petitioner Fatemeh Tabatabaeifar's Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65 (Doc. 16) is denied.

**IT IS FURTHER ORDERED** directing Petitioner's counsel to serve Respondents with Petitioner's Petition for Writ of Mandamus (Doc. 1); Summonses (Docs. 11, 17); Motion for Temporary Restraining Order (Doc. 8); Motion to Appear Telephonically (Doc. 9); the Court's April 16, 2025 Order (Doc. 10); the Court's April 17, 2025 Order (Doc. 12); and this Order and file proof thereof. Upon receipt of proof of service, the Court will set a hearing and require the Petitioner to serve notice of the hearing upon the government.

Dated this 22nd day of April, 2025.

G. Murray Snow
Senior United States District Judge