# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fatemeh Tabatabaeifar,<br><br>    Petitioner,<br><br>v.<br><br>Kika Scott, et al.,<br><br>    Respondents. | No. CV-25-01238-PHX-GMS (MTM)<br><br>**ORDER** |

Pending before the Court is Petitioner Fatemeh Tabatabaeifar's Motion for a Nationwide Temporary Restraining Order and Request for a Nationwide Injunction (Doc. 39).

The Court takes judicial notice of the five deportation cases that have been filed in the District of Arizona since the Court granted Petitioner's Motion for Preliminary Injunction (Doc. 37) on May 14, 2025, enjoining Respondents from removing Petitioner from the United States prior to a complete assessment of her asylum claim:

- *Davtyan v. United States Attorney General et al* (25-cv-1826),
- *Togoev v. United States Attorney General et al* (25-cv-1960),
- *Kunitskii v. Figueroa* (25-cv-1845),
- *Kunitskaia v. Rivas* (25-cv-1846), and
- *Kniazev v. Kline* (25-cv-2036).

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20    The Court held a telephonic hearing in this case on June 16, 2025.  At the telephonic hearing, counsel for the United States acknowledged that the procedure that this Court enjoined on May 14, 2025 as to Petitioner continues to be implemented in the District of Arizona and possibly nationwide.  Counsel for the United States further acknowledged that, when the procedure has been challenged in other cases in the District of Arizona, the United States has not defended the procedure.  Instead, as acknowledged by counsel for the United States, in those cases the United States has stipulated to dismissal and agreed to provide the relief requested.  Counsel for the United States acknowledged that, despite not defending the procedure, and despite three judges in the District of Arizona finding that the procedure is likely unlawful, the procedure remains in place in the District of Arizona. Counsel for the United States acknowledged that it appears that the Department of Justice has determined that the United States is not likely to prevail in these cases and has adopted the practice of settling these cases as a strategy.  Counsel for the United States acknowledged that this practice by the United States allows the United States to continue to apply the procedure that this Court has preliminarily enjoined (and two others have temporarily restrained) as likely unlawful, enabling the procedure to evade judicial review and preventing any court from defining the obligations of the United States.  Counsel for the United States acknowledged that the Department of Homeland Security would have to answer why the agency continues to apply the procedure despite the procedure not being defended by the United States.

21 22 23 24    The Court sets the following briefing schedule for Petitioner's Motion for a Nationwide Temporary Restraining Order and Request for a Nationwide Injunction (Doc. 39): Respondents shall file a response by June 19, 2025, and Petitioner shall file a reply by June 22, 2025.  Oral argument is set for June 23, 2025 at 9:00 a.m. (Arizona time).

25 26    Both parties shall brief and be prepared to discuss at the hearing the following issues:

27 28
- Whether the Court has standing to issue a nationwide and/or districtwide injunction in this case either because of Petitioner's present posture or because

her case presents the possibility of repetition while evading review;

- Whether it is appropriate to combine a hearing on the merits with the preliminary injunction that has already been entered in this case to enable the Court to rule on a permanent injunction pursuant to Fed. R. Civ. P. 65(a)(2).

Additionally, Respondents shall disclose the following information:

- The number of people both within the District of Arizona and within the United States who have claimed asylum since May 14, 2025;
- The number of asylum claimants both within the District of Arizona and within the United States whom the government processed under Presidential Proclamation No. 10888 since May 14, 2025;
- The number of asylum claimants both within the District of Arizona and within the United States who have received a Convention Against Torture ("CAT") interview since May 14, 2025;
- The number of asylum claimants both within the District of Arizona and within the United States who have received a credible fear determination and, where applicable, an immigration judge's review, in accordance with 8 C.F.R. § 208.30 and 8 U.S.C. § 1225(b)(1)(B)(iii)(III), since May 14, 2025;
- The number of asylum claimants both within the District of Arizona and within the United States who have been removed without their statutory and regulatory mandated process, including a credible fear determination and, where applicable, an immigration judge's review, in accordance with 8 C.F.R. § 208.30 and 8 U.S.C. § 1225(b)(1)(B)(iii)(III), since May 14, 2025;
- How the United States implemented the Temporary Restraining Order issued in *Togoev v. United States Attorney General et al* (25-cv-1960);[1]

---

[1] In *Togoev*, this Court ordered on June 6, 2025 that "the United States is temporarily restrained from depriving those who have claimed asylum of their statutory and regulatory rights associated with asylum, such as the right to a credible fear determination and an immigration judge's review under 8 C.F.R. § 208.30 and 8 U.S.C. § 1225(b)(1)(B)(iii)(III) for the next 14 days throughout the jurisdiction of the United States District Court for the District of Arizona." (Doc. 6 at 5).

- Why the petitioner in *Kniazev v. Kline* (25-cv-2036) was not afforded a credible fear determination in light of the Temporary Restraining Order in *Togoev*.

Accordingly,

**IT IS ORDERED** setting the following briefing schedule: (1) Respondents' response is due **June 19, 2025**, and (2) Petitioner's reply is due **June 22, 2025**.

**IT IS FURTHER ORDERED** setting oral argument on Petitioner's Motion for a Nationwide Temporary Restraining Order and Request for a Nationwide Injunction (Doc. 39) on **June 23, 2025 at 9:00 a.m. (Arizona time)**. Each participating lawyer/party is responsible to have a clear audio connection. Failure to carry out such responsibility will require the oral argument to be reset with the parties appearing in person. The Court will email the call-in information to counsel after this Order is docketed.

Dated this 16th day of June, 2025.

_____
G. Murray Snow
Senior United States District Judge