John Nicolas Albukerk
Albukerk & Associates
1111 Westgate St.
Oak Park, IL 60301
State Bar No. 6218232
E-mail: nick.albukerk@gmail.com
Tel: (773)847-2600

Attorney of Plaintiff for Petitioners

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FATEMEH TABATABAEIFAR, S.S., Z.M., A.A, N.A, and Z.B., Petitioners, v. KIKA SCOTT, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services (USCIS) KRISTI NOEM, Secretary of Homeland Security TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement (ICE) And Field Office Director for Detention and Removal Operations for the Phoenix Field Office of ICE Division Commander, FRED FIGUEROA, Head of the Eloy Detention Center operated by CoreCivic Respondents. | Case No. 2:25-cv-01238-PHX-GMS Hon. Judge: G Murray Snow |

DATED this 16th day of July, 2025

   John Nicolas Albukerk
   Attorney of Plaintiff for Fatemeh Tabatabaeifar

1

## AMENDED PETITION FOR WRIT OF MANDAMUS AND
## COMPLAINT FOR DECLARATORY JUDGMENT

Petitioners Fatemeh Tabatabaeifar, N.A., S.S., Z.M., A.A., and Z.B. (collectively, "Petitioners"), by and through their attorney, John Nicolas Albukerk, *pro hoc vice*, hereby submit this First Amended Complaint (filed as of right under Federal Rules of Civil Procedure 15(a)(1), because Respondents have not filed an answer or responsive motion) and seek an order in the form of a writ of mandamus and declaratory relief to compel:

1. Respondents to conduct proper credible fear interviews for Petitioners under the asylum standard pursuant to 8 C.F.R. § 208.30(e)(2).

2. Respondents to refer Petitioners' credible fear determinations based on Asylum to an immigration judge ("IJ") for review as required by 8 C.F.R. § 208.30(g)(2)(iv)(A) and related regulations.

To protect the safety and privacy of the Petitioners—all of whom face risk of persecution by the Iranian government—Petitioners other than Fatemeh Tabatabaeifar are identified by initials in this filing. A sealed Exhibit A is filed concurrently contains Petitioners' full names and corresponding A-numbers.

Petitioners allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. Civil action brought pursuant to 28 U.S.C. § 1361 to compel Respondents to perform its duty under federal law by referring Petitioners' credible fear determinations to an immigration judge for review, as required by 8 U.S.C. § 1225(b)(1)(B)(iii)(I) and 8 CFR § 1208.30(f), and to redress Petitioners' due process rights

under the Fifth Amendment to the United States Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and may review defendants' actions or omissions under the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.* (declaratory relief) and 8 U.S.C. § 1252 which provide the court authority to review decisions relating to credible fear determinations.

3. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(e), because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Respondents are officers of the United States sued in their official capacities.

## PARTIES

4. Petitioner Fatemeh Tabatabaeifar is a 22-year-old woman, a citizen of Iran whose life is threatened by the current regime in Iran. She is currently being detained in Eloy, Arizona.

5. Petitioner N.A. is a male citizen of Iran whose life is threatened by the current regime in Iran. He is currently being detained in San Luis, Arizona.

6. Petitioner S.S. is a female citizen of Iran whose life is threatened by the current regime in Iran.

7. Petitioner Z.M. is a female citizen of Iran whose life is threatened by the current regime in Iran.

8. Petitioner A.A. is a male a citizen of Iran whose life is threatened by the current regime in Iran.

9. Petitioner Z.B. is a female citizen of Iran whose life is threatened by the current regime in Iran.

10. Petitioners each seek asylum in the United States due to a well-founded fear of persecution in Iran. All Petitioners are currently within the state of Arizona, and all have

expressed a fear of persecution or torture and are seeking asylum protection under U.S. law.

11. Respondent Kika Scott, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services, is a federal agency responsible for conducting asylum interviews and making credible fear determinations.

12. Respondent Kristi Noem, Secretary of Homeland Security, is a federal agency responsible for the administration and enforcement of U.S. immigration laws.

13. Respondent Todd Lyons as the Acting Director of U.S. Immigration and Customs Enforcement and Phoenix Field Office Director for Detention and Removal Operations for United States Immigration and Customs Enforcement ("ICE") and is sued in his official capacity. The Phoenix ICE office is responsible for all decisions relating to Petitioner's custody and is responsible for Petitioner's medical care.

14. Respondent, Fred Figueroa, as the Head of the Eloy Detention Center being operated by CoreCivic to detain federal immigrant detainees during their immigration proceedings.

## STANDING AND FACTUAL ALLEGATIONS

15.     Petitioners have standing to bring this action under the Writ of Mandamus Act as set forth in 28 U.S.C. § 1361. Petitioners are individuals who have been deprived of the right to receive a proper credible fear interview under the asylum standard, and to have any such determination reviewed by an immigration judge. Each Petitioner has requested asylum and/or expressed a fear of return to Iran, triggering Respondents' non-discretionary duties under 8 U.S.C. § 1225(B)(1)(A) and 8 C.F.R. § 208.30 to initiate credible fear proceedings and provide appropriate referral for judicial review mechanisms. As parties whose rights are directly affected by Respondents' failure to provide asylum-based interviews and judicial review, and are at risk of imminent removal,

Petitioners have sufficient personal stakes in the outcome of this case.

16.     Petitioner Fatemeh Tabatabaeifar is a 22-year-old woman and citizen of Iran. She entered the United States in or about February 2025 and was detained by U.S. Immigration and Customs Enforcement (ICE) at the Eloy Detention Center in Arizona. Upon her arrival, she repeatedly requested asylum throughout February and March 2025. In mid-March 2025, she was interviewed by a USCIS officer, but only under the Convention Against Torture ("CAT") standard—not under the asylum standard. On or about March 21, 2025, the Asylum Officer issued a negative CAT determination.

17.     On April 4, 2025, Petitioner's counsel received notice of the CAT denial and immediately requested referral to an immigration judge for review. Petitioner again reiterated her request for asylum and referral. On April 13, 2025, Respondents informed Petitioner's counsel that because she was processed under Section 212(f), she was not entitled to immigration judge review of the negative CAT determination. To date, Respondents have provided Fatemeh a credible fear interview under the asylum standard, but an Immigration Judge has yet to decide whether they will hear her case, leaving her in legal limbo.

18.      Petitioner N.A. entered the United States on or about February 23, 2025. On March 16, 2025 he was screened under the CAT standard and received a negative determination. He was never screened for asylum nor referred to immigration court. He remains detained at the San Luis facility without any adjudication of his asylum claim, and has expressed a fear of return to Iran. N.A. remains at great risk of imminent harm as he could be removed from the United States, without a credible fear interview under the asylum standard or an immigration court hearing, in direct violation of 8 C.F.R. § 208.30. He seeks a new credible fear interview under the asylum standard or referral to an IJ for review.

19. Petitioner S.S. entered the United States on February 23, 2025. She received a credible fear interview on March 16, 2025, and was found credible. However, she was only assessed under CAT and withholding of removal, not asylum. She seeks either a reassessment under the asylum standard, or adjudication of her asylum claim by the immigration court. Since she has already met the burden under CAT, she will also meet the burden for asylum, since it's a lower threshold.

20. Petitioner Z.M. entered the United States on February 23, 2025. She received a credible fear interview on March 18, 2025, and was found credible. However, she too was not assessed under the asylum standard. She seeks relief similar relief—either a reassessment or an Immigration Judge determination under asylum.

21. Petitioner A.A. entered the United States on February 23, 2025. He received a credible fear interview on March 18, 2025, and was found credible. However, he was assessed under CAT and referred to court on this basis only, as with the last two Petitioners. He likewise seeks either a reassessment under the asylum standard or an IJ determination under asylum.

22. Petitioner Z.B. entered the United States on October 30, 2024. She received a credible fear interview on December 3, 2024, and was found credible. She too was assessed only under CAT/ withholding of removal, and not asylum. She seeks either asylum reassessment or IJ adjudication of her asylum claim.

23. Petitioners S.S., Z.M., A.A., and Z.B. were all found to have a credible fear under the higher CAT standard. They now seek adjudication of their asylum claims, either through reassessment or by instructing the immigration court to consider asylum as part of their removal proceedings.

24. Petitioner N.A. remains in legal limbo and at risk of removal, having never

6

received an asylum-based screening and not properly referred to immigration court. He seeks a credible fear interview under the asylum standard and appropriate referral to an IJ pursuant to 8 C.F.R. § 208.30(g).

25. Respondents' failure to fulfill their statutory obligations has left each Petitioner at risk of removal to Iran without a fair opportunity to seek asylum, in violation of their rights in this country's immigration law and the Due Process Clause of the Fifth Amendment.

26. Petitioners have no adequate alternative remedy to obtain this relief. The failure to conduct asylum-based interviews or refer cases to an immigration judge is non-discretionary under the INA and mandates relief through declaratory and mandamus action.

## STATUTORY FRAMEWORK

27. U.S. Immigration and Nationality Act (INA) and federal regulations such as the Code of Federal Regulations (CFR) govern the process of credible fear determinations, the referral of cases to immigration judges, and the availability of judicial review in the event of unreasonable agency action.

28. According to the Immigration and Nationality Act (INA) § 235(b)(1)(A), any individual subject to expedited removal who indicates an intention to apply for asylum or expresses a fear of persecution or torture must be referred to an asylum officer for a credible fear determination. If the asylum officer finds no credible fear, the individual can request a review by an immigration judge.

29. Pursuant to 8 CFR § 208.30(d) "A USCIS asylum officer will conduct the credible fear interview in a nonadversarial manner, separate and apart from the general public. The purpose of the interview shall be eliciting all relevant and useful information bearing on whether the alien can establish a credible fear of persecution or torture."

30. Pursuant to 8 C.F.R. § 208.30(e)(2) mandates that asylum officers consider all applicable grounds, including asylum, withholding of removal, and CAT. Respondent's failure to comply with these statutory and regulatory duties is a violation of due process and constitutes unlawful withholding of agency action subject to mandamus relief.

31. An alien who has been found to have a negative credible fear determination by a USCIS asylum officer has the right to seek a de novo review of that decision by an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(I). It mandates that the immigration judge must conduct a review of the determination to assess whether the alien has a credible fear of persecution or torture. See id.

32. Aliens who arrive at the U.S. border and express a fear of persecution or torture are entitled to an interview with a USCIS asylum officer to determine whether they have a credible fear of returning to their home country. 8 U.S.C. § 1225(b)(1)(B). If the officer makes a negative determination, the case must be referred to an immigration judge for a review upon request by the alien. See id.

33. Code of Federal Regulations (CFR) establishes the procedures for conducting credible fear interviews and the standards for determining whether an alien has a credible fear of persecution. 8 CFR § 1208.30. It sets forth the process for the referral of negative credible fear determinations to an immigration judge for review. See id. If an asylum officer determines that an alien has a negative credible fear determination, the alien is entitled to a timely review by an immigration judge under 8 U.S.C. § 1225(b)(1)(B)(iii)(I).

34. 8 CFR § 1208.30(f) mandates that the immigration judge conducts a de novo review of the asylum officer's decision. The review should be timely and fair, ensuring that the alien's rights to due process are protected. See id.

35. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law. The right to a fair process, including a timely and meaningful review of a negative credible fear determination, is a fundamental component of due process. The failure of Respondents to refer Petitioner's case to an immigration judge for review of the negative credible fear determination deprives Petitioner of this constitutional right.

**Mandamus Act**

36. In general, the Mandamus Act, 28 U.S.C. § 1361, can be used to compel administrative agencies to act. It provides in full:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

37. To establish entitlement to a writ of mandamus, a petitioner must demonstrate: (1) a clear and indisputable right to the relief requested; (2) a nondiscretionary duty on the part of the respondent to perform the act in question; and (3) the absence of any other adequate remedy. *See Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

38. Petitioners have exhausted all available administrative remedies, including repeated efforts to request proper asylum screenings, IJ referrals, and adjudication of their claims. Despite these efforts, Respondents have either refused to act or have provided only partial, incomplete processing. For many Petitioners, agency inaction or limited CAT-only processing has left them in prolonged legal limbo without a fair opportunity to seek asylum protection.

39. Petitioners have no adequate alternative remedy at law. Without judicial intervention, they face imminent risk of removal without their asylum eligibility ever being reviewed. Each Petitioner has clearly requested protection, triggering Respondents' non-discretionary duties.

40. Respondents' failure to perform those duties constitutes both a statutory and constitutional violation. See 8 U.S.C § 1225(b)(1)(B)(iii); 8 C.F.R. § 208.30(f); U.S. Const. amend. V.

41. This Court should issue a writ of mandamus compelling Respondents to: (1) conduct credible fear interviews under the asylum standard for Petitioners who were not screened appropriately, and (2) ensure that immigration judges are authorized to adjudicate asylum claims at pending hearings where such claims have not yet been considered.

42. Petitioners also respectfully request all appropriate declaratory and injunctive relief to ensure compliance with the INA, the Fifth Amendment, and the implementing regulations, including a declaration that the current practices of screening only for CAT and withholding of removal violate federal law and due process.

## CLAIMS FOR RELIEF
## COUNT I
## Writ of Mandamus

**(Failure of Respondents to Send Petitioners' Cases to Immigration Court)**

43. Petitioners repeat and incorporate by reference each allegation contained in the preceding paragraphs as is fully set forth herein.

44. Petitioner N.A. has not received appropriate referral for asylum review by an Immigration Judge. N.A. was never given a credible fear interview under the asylum standard, and he received no referral to an Immigration Judge for review.

45. In addition, Petitioners S.S., Z.M., A.A., and Z.B. each passed a CAT-based credible fear screening but were never assessed under the asylum standard. They have been referred to immigration court, but no instruction has been provided to the IJ to review their asylum eligibility.

46. Under 8 C.F.R. § 208.30(g), when an asylum officer determines that an applicant does not have a credible fear of persecution or torture, the officer must provide written notice of the decision, issue a record of the determination, and inquire whether the applicant requests

11

review by an immigration judge. If the applicant requests review, or fails to indicate a choice, it is presumed that the applicant desires such review, and the case must be referred.

47. Respondents' failure to refer Petitioners' cases properly to immigration court for asylum review violates the INA and its implementing regulations.

48. Petitioners seek a writ of mandamus requiring Respondents to ensure all five added Petitioners' cases are properly referred to immigration court for full adjudication of asylum claims, where such review has not occurred, pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(I), 8 C.F.R. § 208.30(g), and § 1208.30(f). Such Petitioners are S.S., Z.M., A.A., N.A., and Z.B.

49. Respondents' failure to act has caused Petitioners significant harm, including prolonged detention, legal limbo, and denial of their statutory and constitutional rights to seek asylum and obtain judicial review of their claims.

## COUNT II

### Writ of Mandamus

### (Failure of Respondents to Conduct Asylum-Based Credible Fear Interviews)

50. Petitioners repeat and incorporate by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

51. Petitioners Fatemeh and N.A. expressed a fear of return to Iran, thereby triggering Respondents' duty under 8 U.S.C. § 1225(b)(1)(A)(ii) and (B)(ii) to conduct a full credible fear interview under the asylum standard. N.A. has yet to receive any asylum-based screening. Fatemeh likewise received only a CAT-based screening, and while her case was eventually referred, the IJ has not indicated whether asylum will be adjudicated.

52. Similarly, Petitioners S.S., Z.M., A.A., and Z.B. were screened only under CAT

and withholding standards. USCIS failed to conduct credible fear interviews under the asylum standard, violating 8 C.F.R. § 208.30(e)(2), which requires the agency to consider eligibility for asylum where a fear of persecution is expressed.

53. All six Petitioners expressed fear of persecution if returned to Iran and have therefore triggered mandatory obligations under 8 U.S.C. § 1225(b)(1)(A)(ii) and (B)(ii) to be interviewed by a USCIS asylum officer regarding their eligibility for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

54. The Fifth Amendment prohibits the government from depriving individuals of liberty without due process. By failing to conduct full credible fear interviews and to assess eligibility for asylum, Respondents deny Petitioners a meaningful opportunity to seek protection.

55. Petitioners are entitled to a full credible fear interview that includes asylum assessment, and to judicial review before an immigration judge. Their continued detention and exposure to imminent removal without this process violates statutory and constitutional guarantees.

56. Petitioners have exhausted all available administrative remedies. Respondents' refusal or failure to act renders mandamus the adequate remedy.

57. Petitioners request that this Court issue a writ of mandamus compelling Respondents to conduct asylum-based credible fear interviews for all Petitioners who have not received one and ensure referral to immigration court where appropriate.

## COUNT III

## Violation of Due Process Clause of the Fifth Amendment to the United States Constitution

58. Petitioners repeat and incorporate by reference each of the preceding paragraphs as if fully set forth herein.

59. The Fifth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty, or property without due process of law. This protection extends to all persons present within the territory of the United States, including non-citizens seeking asylum. *See Zadvydas v. Davis*, 533 U.S. 678, 694 (2001); *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886).

60. The Supreme Court has made clear that even individuals who are unlawfully present in the United States are entitled to basic procedural protections, including a fair hearing before they can be removed. *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950).

61. A credible fear interview and access to de novo review by an immigration judge are mandatory components of the statutory and regulatory framework designed to safeguard the rights of asylum seekers. *See* 8 U.S.C. § 1225(b)(1)(B); 8 C.F.R. § 208.30, § 1208.30.

62. By failing to conduct proper credible fear interviews under the asylum standard, and by failing to refer Petitioners to the immigration court for review, Respondents have deprived Petitioners of constitutionally protected liberty interests without due process.

63. These violations are not minor or technical; they are systemic and substantial, affecting Petitioners' ability to assert their statutory right to seek asylum and avoid persecution or torture if returned to Iran. Respondents' inaction has left Petitioners to an indefinite detention,

without access to a fair process.

64. As such, Respondents' conduct violates Petitioners' rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

## **PRAYER FOR RELIEF**

Wherefore, Petitioners respectfully request that this. Honorable Court:

(a) Assume jurisdiction over this matter;

(b) Declare that Respondents have violated their statutory duties under the Immigration and Nationality Act and implementing regulations by failing to conduct asylum-based credible fear interviews and by failing to refer Petitioners to immigration court for review of an Asylum base claim;

(c) Issue a writ of mandamus compelling Respondents to conduct proper credible fear interviews under the asylum standard for all Petitioners who were not appropriately screened, and to refer any resulting negative determinations to an immigration judge for review, pursuant to 8 U.S.C § 1225(b)(1)(B)(iii), 8 C.F.R. § 208.30, and § 1208.30;

(d) Issue an order to Immigration Judges reviewing Petitioners' applications to review all I 589 applications under the Asylum standard as well as other reliefs.

(e) Declare that Respondents' failures also violate Petitioners' rights under the Due Process Clause of the Fifth Amendment to the United States Constitution;

(f) Enjoin Respondents from removing Petitioners from the United States until their asylum claims have been properly screened and reviewed under the law and reviewed in accordance with law;

(g) Award attorney's fees and costs to Petitioners to the extent authorized by law;

(h) Grant such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>**Albukerk & Associates**
>_____*s/ John Nicolas Albukerk*_
>John Nicolas Albukerk
>
>Dated: July 16, 2025