**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fatemeh Tabatabaeifar, et al., | No. CV-25-01238-PHX-GMS (MTM) |
| Petitioners, | **ORDER** |
| v. | |
| Kika Scott, et al., | |
| Respondents. | |

In this action seeking Mandamus relief, the Court granted Petitioner Tabatabaeifar's Motion for Preliminary Injunction, determining the President exceeded the scope of his statutory authority under 8 U.S.C. § 1182(f) by overriding the asylum statute at 8 U.S.C. § 1158. *Tabatabaeifar v. Scott*, CV-25-01238-PHX-GMS (MTM), 2025 WL 1397114, at *7 (D. Ariz. May 14, 2025). The Court also found that it was not likely that the Proclamation was a valid exercise of the President's constitutional authority under Articles II and IV of the Constitution. *Id.* at *7-9. Accordingly, the Court enjoined Respondents from removing Petitioner from the United States prior to a complete assessment of her asylum claim, including a credible fear determination and an IJ's review of that determination in accordance with 8 C.F.R. § 208.30 and 8 U.S.C. § 1225(b)(1)(B(iii)(III). *Id.* at 11.

Following issuance of the preliminary injunction as to Petitioner Tabatabaeifar, Petitioner filed an Amended Petition for Writ of Mandamus naming herself and 5 additional Petitioners proceeding under pseudonyms. (Doc. 55.) The Amended Petition sought the same relief as in the original Petition—mandamus relief compelling

Respondents to conduct credible fear interviews for Petitioners.  Respondents moved to dismiss the Amended Petition as moot, arguing Petitioners have all received credible fear interviews and have all been placed in full removal proceedings under Section 240 of the Immigration and Nationality Act.  (Doc. 66.)

Petitioners did not respond to the Motion to Dsimiss and do not dispute they have been granted the relief they sought—credible fear determinations and referral for full asylum proceedings in Immigration Court.  "Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' and 'Article III standing . . . enforces the Constitution's case-or-controversy requirement.'" *Hein v. Freedom from Religion Found, Inc*., 551 U.S. 587, 597-98 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 589 (2006)).  A party invoking federal jurisdiction bears the burden of demonstrating, at all stages of litigation, standing for each claim alleged and for each form of relief sought.  *Davis v. FEC*, 554 U.S. 724, 734 (2008); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Therefore, "[i]f an intervening circumstance deprives [a petitioner] of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Because there is no dispute Petitioners have received the relief sought in the Amended Petition, the Court finds this action is moot and will grant the motion to dismiss.[1]

**IT IS THEREFORE ORDERED** Respondents' Motion to Dismiss (Doc. 66) is granted.  This action is dismissed as moot.

///

///

///

**IT IS FURTHER ORDERED** Petitioners' Motion for Nationwide Injunction

---

[1] The Court will also deny the Motion for Nationwide Injunction (Doc. 39). *See Trump v. CASA*, Inc., 606 U.S. 831 (2025).

(Doc. 39) is **denied**.

Dated this 19th day of March, 2026.

_____
G. Murray Snow
Senior United States District Judge